# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **William Antonio McClendon,** | **Case No. 13-cv-2368 (PJS/HB)** |
| **Petitioner,** | |
| **v.** | **REPORT AND RECOMMENDATION** |
| **State of Minnesota,** | |
| **Respondent.** | |

William Antonio McClendon, Minnesota Correctional Facility-Stillwater, 970 Pickett Street North, Bayport, MN 55003, pro se.

Linda M. Freyer, Hennepin County Attorney's Office, 300 South 6th Street, Suite C-2000, Minneapolis, MN 55487; Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for Respondent.

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Petitioner William Antonio McClendon's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1]. Respondent State of Minnesota opposes the petition. Petitioner is presently incarcerated at the Minnesota Correctional Facility in Bayport, Minnesota, serving concurrent 203-month and 216-month sentences imposed by the Hennepin County District Court. The petition has been referred to this Court pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a Report and

Recommendation.  For the reasons set forth below, the Court recommends that the petition be denied, the action be dismissed, and no certificate of appealability be granted.

## I.    BACKGROUND

### A.    Events Leading to the State Charges[1]

Petitioner William Antonio McClendon ("Petitioner") and his brother Marcus Bryant ("Bryant") attended a barbecue on May 31, 2009, at the home of their cousin Angela McClendon and her fiancé Marcus Thomas ("Thomas").  (Trial Tr. Oct. 30, 2009, Resp't's App. 142-45, 148-49 [Doc. No. 11].)[2]  Angela McClendon and Thomas lived at 2200 Elliot Avenue South in Minneapolis.  (*Id.* 144.)  A neighbor who lived next door at 2224 Elliot Avenue South was also hosting a barbecue, attended by her son Derek Holt ("Holt") and his friend Charles Wright ("Wright").  (Trial Tr. Oct. 29, 2009, Resp't's App. 56-57, 86-87; Trial Tr. Oct. 30, 2009, Resp't's App. 145.)

After Petitioner exchanged some hostile words and glances with guests at the barbecue next door, Thomas told Petitioner and Bryant to leave and offered them a ride.  (Trial Tr. Oct. 30, 2009, Resp't's App. 149-50, 153-54, 169.)  As Petitioner walked toward Thomas's car, two men from the 2224 Elliot Avenue South address approached and said they wanted to fight.  (*Id.* 156-57, 170, 184.)  Thomas stepped out of his car and attempted to deescalate the situation, but Petitioner pulled a gun from under his shirt and

---

[1]  This section sets forth the testimony supporting the State's charges, of which Petitioner was convicted.  The Court understands that Petitioner disputes the State's version of events, and addresses the testimony supporting Petitioner's position in Part I.B. *infra.*

[2]  The Court refers to the page numbers of Respondent's Appendix [Doc. Nos. 11 and 11-1] for citations to documents contained in the Appendix.

fired multiple times.  (*Id.* 155, 158-60, 171, 183.)  No other individual displayed or

discharged a weapon.  (*Id.* 158, 173.)  Wright was shot several times in the back and the

wrists, and Holt was shot in the buttocks, stomach, and arm.  (Trial Tr. Oct. 29, 2009,

Resp't's App. 65-66, 88-89).  Petitioner fled the scene.  (Trial Tr. Oct. 30, 2009, Resp't's

App. 172, 185.)

Police officers working in the neighborhood heard the shots and traveled to the

location of the incident.  (Trial Tr. Oct. 29, 2009, Resp't's App. 16-18, 33-34.)  Once

there, Minneapolis Police Officer Matthew Heger spoke with Thomas, who said

Petitioner got into an altercation with Holt and Wright in the alley, pulled a handgun from

under his shirt, and fired five shots.  (Trial Tr. Oct. 30, 2009, Resp't's App. 183-85.)  A

few days after the incident, Thomas gave a recorded statement to Minneapolis Police

Sergeant Mark Lee Osland.  (*Id.* 163.)  Thomas repeated the account he had given earlier

to Officer Heger, confirming that Petitioner was at the barbecue, pulled out his gun, and

started shooting when Holt and Wright approached him in the alley.  (*Id.* 170-72.)  At the

hospital, Sergeant Osland showed a photographic lineup to Wright, who pointed to a

photograph of Petitioner and said, "That's him."  (Trial Tr. Oct. 29, 2009, Resp't's App.

134.)

**B.     The Charges and Trial**

The State charged Petitioner with one count of first-degree assault, one count of

second-degree assault, and two counts of second-degree attempted murder.  (*See*

Appellant's Br., *State v. McClendon*, No. A10-0175 (Minn. Ct. App. June 2, 2010),

Resp't's App. 281-82 [Doc. No. 11-1].)  At trial, both Wright and Holt testified, but

3

neither victim identified Petitioner as the shooter.  Wright testified he did not remember

viewing the photographic lineup at the hospital or identifying Petitioner.  (Trial Tr. Oct.

29, 2009, Resp't's App. 92.)  Thomas recanted his identification of Petitioner as the

shooter and said another individual named "William" or "WB" had attended the barbecue

at the McClendon/Thomas home that day, not Petitioner, whom Thomas said he knew as

"Will."  (Trial Tr. Oct. 30, 2009, Resp't's App. 145-46.)  Thomas conceded, however,

that he had told Sergeant Osland on the day of the incident that "Will" was the shooter.

(*Id.* 158.)  To rebut Thomas's testimony, Officer Heger testified that Thomas had

identified Petitioner as the shooter at the scene, and Sergeant Osland read Thomas's

recorded statement into the record.  (*Id.* 166-78, 183, 185.)

On November 3, 2009, the jury returned a verdict of guilty on all counts.  (*See*

Appellant's Br., *State v. McClendon*, No. A10-0175, Resp't's App. 282-83.)  The

Hennepin County District Court sentenced Petitioner to 203 months for the attempted

murder of Charles Wright and 216 months for the attempted murder of Derek Holt, and

ordered the sentences to be served concurrently.  (*See id.*)

### C.     Petitioner's Direct Appeal

Petitioner directly appealed the convictions and sentences to the Minnesota Court

of Appeals.  (*Id.* 283.)  His attorney raised two purported errors, and Petitioner filed a pro

se supplemental brief raising additional grounds for review.  Petitioner's counsel

challenged (1) the trial court's ruling that Thomas's statement to Sergeant Osland was

admissible hearsay and (2) the trial court's refusal to exclude the results of the

photographic lineup.  (*Id.*)  Petitioner argued in his pro se brief that (1) the offenses of

4

conviction were part of the same behavioral incident and thus barred by Minn. Stat.

§ 609.035; (2) his rights to due process and against double jeopardy were infringed;

(3) the State wrongly suppressed evidence of his innocence in violation of Minnesota

Rule of Criminal Procedure 9.01 and *Brady v. Maryland*, 373 U.S. 83 (1963); (4) his

sentence violated *Cunningham v. California*, 549 U.S. 270 (2007), and *Apprendi v. New

Jersey*, 530 U.S. 466 (2000); and (5) his trial counsel was ineffective under *Strickland v.

Washington*, 466 U.S. 668 (1984). (Appellant's Pro Se Br., *State v. McClendon*, No.

A10-0175 (Minn. Ct. App. July 27, 2010), Resp't's App. 316-24 [Doc. No. 11-1].) The

Minnesota Court of Appeals issued an opinion on December 28, 2010, affirming the trial

court in all respects. *See State v. McClendon*, No. A10-175, 2010 WL 5291394 (Minn.

Ct. App. Dec. 28, 2010). With regard to Petitioner's pro se arguments, the Minnesota

Court of Appeals discussed only his claims that he was impermissibly convicted twice for

a single behavioral incident and that his counsel was ineffective. *Id.* at *7-8.

Petitioner next sought a writ of certiorari from the Minnesota Supreme Court.

(Pet. Rev. Decision Ct. App., *State v. McClendon*, No. A10-0175 (Minn. Jan. 27, 2011),

Resp't's Suppl. Aff. [Doc. No. 18 at 5, 12].)[3] He raised two issues: (1) whether

Thomas's statements were unreliable hearsay, and (2) whether the trial court should have

excluded the results of the photographic lineup shown to Wright. (*Id.* 5-6.) The

Minnesota Supreme Court denied the request for review on March 15, 2011. *State v.

McClendon*, No. A10-175, slip op. at 1 (Minn. Mar. 15, 2011).

---

[3] For exhibits attached to Respondent's Supplemental Affidavit [Doc. No. 18], the Court refers to the page numbers assigned by CM/ECF because Respondent did not consecutively paginate those exhibits.

### D.     Postconviction Proceedings

Petitioner next filed a pro se postconviction petition in Hennepin County District Court, asserting his trial and appellate counsel were ineffective.  (Pet. Postconviction Relief, *McClendon v. State*, No. 27-CR-09-31530 (Hennepin Cnty. Dist. Ct. Jan. 17, 2014), Resp't's App. 417-18, 422 [Doc. No. 11-1].)  Specifically, Petitioner argued that his trial counsel failed to object to hearsay evidence and investigate the alternate perpetrator identified as "William" or "WB" by Thomas, and that his appellate counsel failed to raise and preserve his objection to the admission of Thomas's prior statement. (*Id.* 418.)  The district court denied the petition on April 5, 2012, finding Petitioner's ineffective assistance of trial counsel claim procedurally barred by *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976), and his ineffective assistance of appellate counsel claim meritless.  (*McClendon v. State*, No. 27-CR-09-31530, slip op. at 4-6 (Hennepin Cnty. Dist. Ct. Apr. 5, 2012), Resp't's App. 440, 443-45 [Doc. No. 11-1].)

Petitioner appealed the district court's decision to the Minnesota Court of Appeals, which affirmed the lower court on all issues.  (Appellant's Br., *State v. McClendon*, No. A12-0982 (Minn. Ct. App. July 18, 2012), Resp't's App. 448, 457, 460-61 [Doc. No. 11-1]; *McClendon v. State*, No. A12-0982, slip op. at 4 (Minn. Ct. App. Jan. 24, 2013), Resp't's App. 525, 528 [Doc. No. 11-1].)  Petitioner next petitioned the Minnesota Supreme Court for review.  (Pet. Rev. Decision Ct. App., *McClendon v. State*, No. A12-0982 (Minn. Mar. 22, 2013), Resp't's Suppl. Aff. [Doc. No. 18 at 70, 75].)  Although Petitioner combined several arguments into two issue statements, the Court will list them separately here, to the extent the Court can discern them: (1) whether trial counsel was

ineffective for failing to investigate the alternate perpetrator; (2) whether trial counsel was ineffective for failing to object to hearsay evidence; (3) whether the ineffectiveness of trial counsel must be raised on direct appeal or risk being barred under *Knaffla*; (4) whether the *Knaffla* bar is inapplicable when appellate counsel fails to challenge the effectiveness of trial counsel; (5) whether appellate counsel was ineffective for failing to challenge the effectiveness of trial counsel; (6) whether the ineffectiveness of appellate counsel constituted cause and prejudice to excuse any procedural default; and (7) whether Petitioner's rights to due process and equal protection were violated when he was not appointed counsel to raise his ineffective assistance of counsel claim. (*Id.* 72.) The Minnesota Supreme Court denied Petitioner's request for review on May 29, 2013. *McClendon v. State*, No. A12-0982, slip op. at 1 (Minn. May 29, 2013).

### E. Federal Habeas Petition

Petitioner filed this federal habeas action on August 29, 2013, raising four grounds for relief. First, he argues the state postconviction courts erred by not applying *Knaffla*'s fairness exception to his ineffective assistance of trial counsel claim, which in turn violated his federal due process and equal protection rights. (Pet. 5.) Second, he contends the state courts' failure to appoint counsel to assist him with his ineffective assistance of trial and appellate counsel claims during the postconviction proceeding violated *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and the Sixth and Fourteenth Amendments of the United States Constitution. (*Id.*) Third, Petitioner claims he was denied effective assistance of counsel when his trial and appellate lawyers did not investigate the alternate perpetrator theory or challenge the admission of hearsay

7

evidence.  (*Id.* 6.)  Fourth, Petitioner asserts that cause and prejudice excuse any procedural default because he did not have the assistance of postconviction counsel and because he is actually innocent.  (*Id.*)

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Habeas relief under § 2254 is warranted in three circumstances: (1) when a state court decision was contrary to clearly established federal law, (2) when a state court decision involved an unreasonable application of clearly established federal law, or (3) when a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1), (2).  However, a court may not grant a petition unless the petitioner has first exhausted all state court remedies.  § 2254(b)(1)(A).  If a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," the claim is not exhausted.  § 2254(c).  On the other hand, a court may deny a petition on the merits even if the petitioner has not exhausted all state court remedies.  § 2254(b)(2).

### A.     Fair Presentation and Exhaustion

Respondent asks the Court to dismiss the petition as a "mixed petition," that is, a petition containing both exhausted and unexhausted claims, because Petitioner did not present his claim of ineffective assistance of trial counsel to each tier of the Minnesota state courts.  (Resp't's Mem. 7, 16 [Doc. No. 10].)  When faced with a "mixed petition,"

a court may summarily dismiss the petition without prejudice and allow the petitioner to return to state court to exhaust all available state court remedies, or "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

A state prisoner such as Petitioner must exhaust all of his state court remedies by fairly presenting his federal constitutional claims to each tier of state appellate review, before he may seek § 2254 relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The prisoner fairly presents a federal claim by referring "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citations omitted). The prisoner has not fairly presented a claim, however, if the reviewing state court "must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

A federal claim not fairly presented to the reviewing state court may be either unexhausted or procedurally defaulted. A claim is unexhausted when it has not been fairly presented in one complete round of the state's established appellate review process, *O'Sullivan,* 526 U.S. at 845, but the prisoner still has the right under state law to raise the claim by an available procedure, 28 U.S.C. § 2254(c). A claim is procedurally defaulted when it has not been fairly presented in the state courts, and the state courts will no

longer review it because an "independent and adequate state procedural rule" precludes further litigation of the claim. *Coleman v. Thompson,* 501 U.S. 722, 749-50 (1991).

Minnesota has such an independent and adequate procedural rule: "[W]here a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). There are two exceptions to the *Knaffla* rule: "(1) the claim is novel or (2) the interests of fairness and justice warrant relief." *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013). When the *Knaffla* rule would bar an individual from raising his claims in state court because he did not raise them previously on direct appeal, those claims are procedurally defaulted in federal court. *Buckingham v. Symmes*, 11-cv-2489 (PJS/SER), 2012 WL 3611893, at *2 (D. Minn. Aug. 21, 2012) (citing *McCall*, 114 F.3d at 757-58).

The exhaustion requirement of § 2254 pertains "only to remedies still available at the time of the federal petition." *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). Thus, claims procedurally barred under state law are exhausted for the purposes of federal habeas review. *Id.* at 161-62 (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

Applying these principles to the present case, the Court finds the petition is not a "mixed petition," because the ineffectiveness of trial counsel claim is procedurally defaulted, and thus exhausted. Petitioner challenged the effectiveness of his trial counsel

on direct appeal to the Minnesota Court of Appeals, but not in his petition for review to the Minnesota Supreme Court.  The only claims included in the petition for review were whether Thomas's statements were unreliable hearsay (notably, not whether counsel was ineffective for failing to challenge the admission of Thomas's statements), and whether the trial court erred by admitting into evidence the results of the photographic lineup shown to Holt and Wright.  (Pet. Rev. Decision Ct. App., *State v. McClendon*, No. A10-0175 (Minn. Jan. 27, 2011), Resp't's Suppl. Aff. [Doc. No. 18 at 5-6].)  As such, Petitioner did not fairly present either aspect of his ineffective assistance of trial counsel claim to the state's highest court.  Petitioner's attachment of the Minnesota Court of Appeals' opinion to his petition for review did not satisfy the fair presentation requirement.  *See Baldwin*, 541 U.S. at 32.

Granted, Petitioner raised the ineffective assistance of trial counsel claim on all levels of *postconviction* review, but this attempt to fairly present the claim was too late. Petitioner knew of the claim when he filed his petition for review in the Minnesota Supreme Court on direct appeal, because he had raised the issue previously before the Minnesota Court of Appeals.  Therefore, under *Knaffla*, the state courts would have refused to entertain the claim on postconviction review, and, in fact, both the Hennepin County District Court and the Minnesota Court of Appeals found the ineffective assistance of trial counsel claim barred by *Knaffla*.  (*McClendon v. State*, No. 27-CR-09-31530, slip op. at 4-5 (Hennepin Cnty. Dist. Ct. Apr. 5, 2012), Resp't's App. 443-44; *McClendon v. State*, No. A12-0982, slip op. at 3-4 (Minn. Ct. App. Jan. 24, 2013), Resp't's App. 525, 528.)  The Minnesota Supreme Court declined to review these rulings when it denied Petitioner's request for

11

review.  This Court is prohibited from reviewing a state court's determination of

procedural bar.  *See Owsley v. Bowersox*, 234 F.3d 1055, 1058 (8th Cir. 2000) ("A federal

court conducting habeas corpus review must ordinarily refrain from reviewing any issue that

a state court has already found to be defaulted on an adequate and independent state-law

basis.").

In sum, the Minnesota state courts have deemed Petitioner's ineffective assistance

of trial counsel claim procedurally barred by *Knaffla*.  This Court may not review that

decision, and finds the claim procedurally defaulted for federal habeas purposes.  A

procedurally defaulted claim is an exhausted claim on habeas review.  *See Gray*, 518 U.S.

at 161-62.  Consequently, Petitioner's ineffective assistance of counsel claim is

exhausted, and Respondent's request to dismiss the petition as a "mixed petition" should

be denied.

### B.    Ineffective Assistance of Trial Counsel Claim

Petitioner argues he was denied the right to effective assistance of trial counsel

because his attorney did not investigate an alternate perpetrator or object to the admission

of hearsay evidence.  The Court previously determined, *supra* Part II.A, that Petitioner did

not fairly present his ineffective assistance of trial counsel claim to the Minnesota Supreme

Court before seeking federal habeas relief, and that the claim was procedurally defaulted.

The relevant inquiry now is whether one of the two exceptions applies, *i.e.,* whether

Petitioner can demonstrate cause for the procedural default and actual prejudice resulting

from the alleged violation of federal law, or whether the Court's failure to consider the

claim will result in a fundamental miscarriage of justice.  *See McCall,* 114 F.3d at 758 (citing *Coleman,* 501 U.S. at 750).

As to the first exception, to establish cause for the default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To establish prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in *Ivy* omitted).  A court need not consider prejudice unless the petitioner demonstrates cause. *McCall,* 114 F.3d at 758.  The second exception – miscarriage of justice – is available only when the petitioner establishes that a constitutional violation likely caused the conviction of an innocent person.  *Id.*  (quoting *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995)).  If neither exception applies, the procedural default cannot be excused, and the court should deny the petition without reaching the merits of the claims.  *See Carney v. Fabian,* 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

Petitioner relies on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to establish cause for the default.  The Supreme Court in *Martinez* held that the inadequate assistance of postconviction counsel can establish cause for a habeas petitioner's default of an ineffective assistance of trial counsel claim, but only when state law prohibits the petitioner from challenging the effectiveness of trial counsel on direct review, and postconviction counsel fails to raise the claim in the subsequent postconviction

13

proceeding.  132 S. Ct. at 1315.  *Martinez*'s narrow holding does not save Petitioner's claim, however, because there are fundamental differences between Arizona and Minnesota state law.

The federal habeas petitioner in *Martinez* was convicted under Arizona state law. *Id.* at 1313.  Arizona prohibits challenges to the effectiveness of trial counsel on direct appeal, allowing such claims to be raised only during a subsequent collateral proceeding. *Id.*  The Supreme Court described the latter proceeding as an "initial-review collateral proceeding," because that action provides the first opportunity to raise an ineffective assistance claim.  *Id.* at 1313, 1315.  But Minnesota, where Petitioner was convicted, has no such prohibition on bringing an ineffective assistance of counsel claim in a direct appeal.  To the contrary, individuals *must* directly appeal ineffective assistance of counsel claims that are based solely on the trial record, or the claim is barred by *Knaffla*.  *Evans v. State*, 788 N.W.2d 38, 44 (Minn. 2010); *Carney v. State*, 692 N.W.2d 888, 891-92 (Minn. 2005).  *See Delk v. Smith*, Civ. No. 13-0089 (JRT/SER), 2014 WL 538586, at *14 (D. Minn. Feb. 11, 2014) ("Minnesota state law does not require that an ineffective-assistance-of-trial-counsel claim be raised only in a collateral—meaning post-conviction—proceeding, as described in *Martinez* and as Arizona requires.").

In the case at hand, Petitioner's ineffectiveness of trial counsel claim is based solely on the trial record.  Not only did Petitioner have the opportunity to raise the claim on direct appeal, but he did raise it before the Minnesota Court of Appeals.  (Appellant's Pro Se Br., *State v. McClendon*, No. A10-0175 (Minn. Ct. App. July 27, 2010), Resp't's App. 323-24 [Doc. No. 11-1].)  Accordingly, *Martinez* does not provide cause for

14

Petitioner's procedural default in failing to raise that same claim before the Minnesota Supreme Court.

Turning to the fundamental miscarriage of justice exception, Petitioner claims he is actually innocent of the offenses of conviction, in light of Thomas's trial testimony that an individual named "William" or "WB" was the shooter. But the fundamental miscarriage of justice exception applies only when a petitioner supports his allegations "with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316. Petitioner has not presented any new reliable evidence of his innocence, and thus fails to show that a fundamental miscarriage of justice will result if the Court does not excuse the procedural default.

Petitioner's ineffective assistance of trial counsel claim is procedurally defaulted, and Petitioner has not demonstrated cause for the default or the likelihood of a fundamental miscarriage of justice. Therefore, the Court cannot excuse the procedural default and reach the merits of the claim.

### C.   Ineffective Assistance of Appellate Counsel Claim

Petitioner next argues he was denied the right to effective assistance of appellate counsel because his attorney did not press Petitioner's hearsay claim on appeal or investigate the alternate perpetrator theory. The Court must consider separately the two facets of this claim.

### 1.      Hearsay

With respect to appellate counsel's alleged failure to raise Petitioner's hearsay claim on appeal, Petitioner made this argument for the first time in his postconviction petition.  (Pet. Postconviction Relief, *McClendon v. State*, No. 27-CR-09-31530 (Hennepin Cnty. Dist. Ct. Jan. 17, 2014), Resp't's App. 418 [Doc. No. 11-1].)  The state district court found the claim timely, because the alleged failure arose during the direct appeal.  (*McClendon v. State*, No. 27-CR-09-31530, slip op. at 5 (Hennepin Cnty. Dist. Ct. Apr. 5, 2012), Resp't's App. 444 [Doc. No. 11-1].)  In rejecting the merits of Petitioner's claim, the district court remarked that appellate counsel had "raise[d] and extensively argue[d]" the hearsay claim on appeal, and the court therefore concluded that counsel's performance had not been objectively unreasonable, deficient, or prejudicial. (*Id.* at 6, Resp't's App. 445 [Doc. No. 11-1].)  Petitioner appealed this ruling to the Minnesota Court of Appeals and to the Minnesota Supreme Court, and the claim is therefore exhausted for purposes of federal habeas review.

The relevant standard for an attorney's performance, whether trial or appellate counsel, is "reasonably effective assistance."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Williams v. Ludwick*, No. 13-1978, 2014 WL 3746873, at *3, ---F.3d---- (8th Cir. July 31, 2014).  To establish that his appellate counsel was ineffective, Petitioner must demonstrate that (1) his lawyer's performance was deficient, and (2) Petitioner was prejudiced as a result.  *See Strickland*, 466 U.S. at 687.  To satisfy the first component of the test, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  To

meet the second, Petitioner must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial" and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner has not established either prong of the test.  First, Petitioner's appellate counsel did challenge the trial court's admission of hearsay evidence at both levels of direct review.  His attorney devoted approximately twelve pages of Petitioner's brief to the Minnesota Court of Appeals to this argument, and the issue was the primary one raised in the petition for review to the Minnesota Supreme Court.  (Appellant's Br., *State v. McClendon*, No. A10-0175 (Minn. Ct. App. June 2, 2010), Resp't's App. 290-302 [Doc. No. 11-1]; Pet. Rev. Decision Ct. App., *State v. McClendon*, No. A10-0175 (Minn. Jan. 27, 2011), Resp't's Suppl. Aff. [Doc. No. 18 at 5, 10-11].)  Petitioner has identified no argument his counsel failed to make or authority he failed to cite that would have changed the outcome.  Thus, the error Petitioner attributes to his appellate counsel simply did not occur.

As to the second factor, Petitioner has made no showing that he was deprived of a fair opportunity to appeal, or that but for his appellate attorney's conduct, his conviction would have been reversed on appeal.  Petitioner does not even argue as much. Accordingly, habeas relief is not warranted on this claim.

### 2.    Alternate Perpetrator Theory

Petitioner suggests he was denied the right to effective assistance of appellate counsel because his attorney did not investigate the alternate perpetrator identified by Thomas.  Petitioner did not raise this particular ineffective assistance claim in either his

17

direct appeal or the post-conviction proceeding.  Thus, Petitioner did not fairly present the claim to the state courts.

The Court inquires whether the claim is unexhausted, meaning that Petitioner could still raise the claim in state court, or procedurally defaulted, meaning that the state courts would no longer review the claim because an independent and adequate state procedural rule, such as *Knaffla*, would bar further litigation.  *See* 28 U.S.C. § 2254(c); *Coleman,* 501 U.S. at 750.  State law would prohibit Petitioner from bringing the claim in a second postconviction petition, because all "matters . . . known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief."  *See Powers v. State*, 731 N.W.2d 499, 501 (Minn. 2007).  Petitioner has not explained why he did not raise the claim in his first postconviction petition or identify any basis on which the Court could conclude that the state courts would entertain the claim now.  The Court therefore considers the claim exhausted for the present purposes and turns to the question of procedural default.

When Petitioner filed his first postconviction petition, he knew of the facts underlying this particular claim.  Petitioner previously challenged his trial counsel's failure to pursue the alternate perpetrator theory, and he knew his appellate attorney had not pursued the theory either.  But Petitioner did not challenge this failure of appellate counsel in his petition for postconviction review.  In this circumstance, the Minnesota courts would no longer review the claim, *see id.*, and the claim is procedurally defaulted for the purposes of federal habeas review.

The Court now proceeds to the questions of cause, prejudice, and whether a fundamental miscarriage of justice would occur if the Court declines to address the claim. Petitioner has provided no cause for the default, rendering irrelevant the question of prejudice. *See McCall,* 114 F.3d at 758. Nor has Petitioner shown that a constitutional violation likely caused the conviction of an innocent person. Consequently, the Court cannot excuse the procedural default.

### D.      Due Process and Equal Protection Claims

Petitioner next argues that the state postconviction courts failed to apply *Knaffla*'s fairness exception to his ineffective assistance of trial counsel claim, which in turn violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. Petitioner did not raise this claim in his petition for review to the Minnesota Supreme Court, and thus, the claim was not fairly presented to the highest tier of the state court system. Petitioner does not have the right under state law to raise the claim now, because he knew of the claim when he filed the petition for review; indeed, Petitioner had raised the issue previously to the Minnesota Court of Appeals. Accordingly, the claim is *Knaffla*-barred and procedurally defaulted. Petitioner has shown no cause for his failure to include the issue in his petition for review to the Minnesota Supreme Court, nor has he demonstrated that this Court's failure to consider the claim will work a fundamental miscarriage of justice. Consequently, the Court cannot excuse the procedural default.

Moreover, Petitioner's challenge to "a state court's application of a state procedural rule," such as *Knaffla*, "is not subject to federal habeas corpus review." *Dehn*

*v. State*, Civ. 07-2006 (DWF/SRN), 2007 WL 1812776, at *3 (D. Minn. June 20, 2007) (citing *Clemons v. Luebbers*, 381 F.3d 744, 751 (8th Cir. 2004) ("[F]ederal courts should not consider whether the state court properly applied its default rule to the claim; federal courts do not sit to correct a state court's application of its ordinarily adequate procedural rules.")); *see also Murray v. Hvass*, 269 F.3d 896, 899 (8th Cir. 2001) ("[I]t is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law."). While a federal habeas court may take note of a state court's application of a procedural rule such as *Knaffla*, the Court may not review the state court's actual application of the rule.

### E. Failure to Appoint Counsel in Postconviction Proceedings

Petitioner next contends he was not appointed postconviction counsel to assist with his ineffective assistance of trial and appellate counsel claims, in violation of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and the Sixth and Fourteenth Amendments of the United States Constitution. Relatedly, Petitioner submits that the failure to appoint postconviction counsel created cause and prejudice to excuse any procedural default.

The Court has already rejected Petitioner's *Martinez* argument in the context of his ineffective assistance of trial counsel claim, *supra* Part II.B, and the same reasoning applies here. Simply stated, *Martinez* did not establish a general right to postconviction counsel, nor does *Martinez* provide cause to excuse Petitioner's procedural defaults.

To the extent Petitioner bases his claim on the Sixth and Fourteenth Amendments, Petitioner did raise the federal nature of this claim to the Minnesota Court of Appeals and the Minnesota Supreme Court on postconviction review, and the claim is therefore

exhausted.  Petitioner's claim fails on the merits, however, because there is no

constitutional right to postconviction counsel.  *Pennsylvania v. Finley*, 481 U.S. 551, 555,

556-57 (1987) ("[T]he fundamental fairness mandated by the Due Process Clause [of the

Fourteenth Amendment] does not require that the State supply a lawyer."); *Reagan v.

Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (noting there is no general Sixth Amendment

right to counsel in state postconviction proceedings).

### F.        Certificate of Appealability

Before appealing a final ruling on a federal habeas corpus petition, a state prisoner

must be granted a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); Fed. R.

App. P. 22(b)(1).  The Court cannot grant such a certificate unless "the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The

applicant must show that the issues to be raised on appeal are "debatable among reasonable

jurists," that different courts "could resolve the issues differently," or that the issues

otherwise "deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.

1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of

Appeals, would decide Petitioner's claims any differently than recommended here.

Petitioner has not identified, and the Court cannot independently discern, anything novel,

noteworthy, or worrisome about this case that warrants appellate review.  The Court

therefore recommends that Petitioner not be granted a COA in this matter.

## III.    RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1.      William Antonio McClendon's Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

2.      This action be **DISMISSED WITH PREJUDICE**;

3.      A certificate of appealability **NOT BE GRANTED**; and

4.      **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: August 28, 2014                       s/ *Hildy Bowbeer*
                                             HILDY BOWBEER
                                             United States Magistrate Judge


## NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by
**September 18, 2014** a writing that specifically identifies those portions of this Report to
which objections are made and the basis of those objections.  Failure to comply with this
procedure may operate as a forfeiture of the objecting party's right to seek review in the
Court of Appeals.  A party may respond to the objecting party's brief within fourteen
days after service thereof.  A district judge shall make a de novo determination of those
portions to which objection is made.  This Report and Recommendation does not
constitute an order or judgment of the District Court, and it is therefore not appealable to
the Eighth Circuit Court of Appeals.